FILED

09/16/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0396

DA 24-0396

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 213

IN RE MARRIAGE OF:

CLINTON ANDERSON,

        Petitioner and Appellee,

  and

ANGELINA ROSE RUFFATTO,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DR-23-64
Honorable Molly Owen, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Angelina Rose Ruffatto, Self-Represented, Polson, Montana

    For Appellee:

        Clinton Anderson, Self-Represented, Polson, Montana

Submitted on Briefs:  August 13, 2025

Decided:  September 16, 2025

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Angelina Ruffatto[1] appeals from the September 19, 2023 Findings of Fact, Conclusions of Law and Final Invalidity Decree issued by the District Court for the Twentieth Judicial District, Lake County, declaring her marriage to Clinton Anderson invalid. We address the following restated issue on appeal:

*Whether the District Court erred in declaring the marriage of Ruffatto and Anderson invalid.*

**BACKGROUND**

¶2 On June 9, 2023, Anderson filed a petition for Declaration of Invalidity and Consent to Entry of Decree of Invalidity with the District Court. The petition, which was drafted by Ruffatto, asserts that Ruffatto's consent to enter the marriage had been induced by duress and fraud. In the Consent to Entry of Decree of Invalidity, Anderson attests to the statements in Ruffatto's petition as being true and the marriage being "invalid as against public policy." Anderson signed the consent. The petition, however, is unsigned.

¶3 On appeal, Ruffatto states that while she had drafted the petition with the help of an attorney, she ultimately decided not to file it because she felt it was too harsh on Anderson. Ruffatto further asserts that she had no intention of filing any paperwork regarding the marriage until she and Anderson came to an agreement on the terms of their separation. According to Ruffatto, Anderson found the paperwork and filed it "behind her back," and she "adamantly refused to sign [the petition] at the Clerk and Recorders office."

---

[1] Throughout the underlying proceedings, the court incorrectly spells Appellant's last name as "Ruffato." Pursuant to M. R. App. P. 2(4), we amend the caption to reflect the correct spelling of Appellant's last name as "Ruffatto."

¶4      On August 30, 2023, the Sheriff's Office served Ruffatto with copies of the unsigned petition and consent, as filed by Anderson. However, Ruffatto was not served a summons or an automatic economic restraining order, as required by statute. Section 40-4-126(1), MCA ("On the filing of a petition for declaration of invalidity of marriage . . . the clerk of the district court shall issue a summons and shall include with the summons an automatic economic restraining order . . . .").

¶5      Ruffatto did not respond to the petition or attend any hearings regarding the petition. Ruffatto alleges that Anderson "went to great lengths afterwards to hide the paperwork that came through the mail for the final hearing," and asserts that she would have attended the hearing had she known about it.

¶6      On September 19, 2023, the District Court entered its Findings of Fact, Conclusions of Law and Final Invalidity Decree, in which the District Court concluded that the marriage was irretrievably broken due to "serious marital discord" with "no reasonable prospect of reconciliation."

¶7      Ruffatto, acting pro se, appeals the District Court's decree of invalidity on the basis that she never signed the petition, and the court failed to adequately consider her interests.

¶8      Anderson did not file any briefing on appeal but did sign a document titled "Notice to the Court," which was attached to Ruffatto's brief. In the notice, Anderson states that he "does not object to what is written in [Ruffatto's] brief" and that he is "in agreement that [this Court] overrule the District Court judgment[.]" Anderson goes on to state that "[Ruffatto] was treated harshly [and] not included enough in this process."

## STANDARD OF REVIEW

¶9 We review findings of fact to determine whether they are clearly erroneous, and we review conclusions of law to determine whether they are correct. *Draggin' Y Cattle Co., Inc. v. Junkermier, Clark, Campanella, Stevens, P.C.*, 2019 MT 97, ¶ 19, 395 Mont. 316, 439 P.3d 935. "A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if our review of the record leaves us firmly convinced that the district court made a mistake." *In re M.C.*, 2015 MT 57, ¶ 10, 378 Mont. 305, 343 P.3d 569.

## DISCUSSION

¶10 *Whether the District Court erred in declaring the marriage of Ruffatto and Anderson invalid.*

¶11 "Public policy favors the finding of a valid marriage and the presumption in favor of matrimony is one of the strongest known to the law." *In re Marriage of Hansen and Roffe*, 2019 MT 284, ¶ 14, 398 Mont. 64, 453 P.3d 1210. Montana's marital code is to be "liberally construed and applied to promote its underlying purposes," which includes "strengthen[ing] and preserv[ing] the integrity of marriage." Section 40-1-101, MCA. However, there are specific circumstances in which a marriage can be declared invalid. Section 40-1-402(1), MCA, provides:

> The district court shall enter its decree declaring the invalidity of a marriage entered into under the following circumstances:
>
> (a) a party lacked capacity to consent to the marriage at the time that the marriage was entered into, either because of mental incapacity or infirmity or because of the influence of alcohol, drugs, or other incapacitating substances, or a party was induced to enter into a marriage by force or duress or by fraud involving the essentials of marriage;

4

(b) a party lacks the physical capacity to consummate the marriage by sexual intercourse, and at the time that the marriage was entered into, the other party did not know the incapacity;

(c) a party was under 16 years of age or was 16 or 17 years of age and did not have the consent of the party's parents or guardian or judicial approval; or

(d) the marriage is prohibited.

¶12 Here, neither the District Court's findings of fact nor its conclusions of law demonstrate a determination of the marriage being invalid under § 40-1-402, MCA. Rather, the District Court only determined that the marriage was irretrievably broken. While a finding of irretrievable breakdown is required to dissolve a marriage (*see* § 40-4-104(1), MCA), it is irrelevant in determining the validity of a marriage under § 40-1-402, MCA.

¶13 Further, the record provides no basis for which the marriage could be declared invalid. In his consent, Anderson only asserts that the marriage is invalid "as it is against public policy," but there are no facts indicating that the marriage is prohibited. Additionally, Anderson cannot rely on the statements set forth in Ruffatto's unsigned petition to establish her lack of consent in entering into the marriage. *See* M. R. Civ. P. 11(a) ("Every pleading . . . must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").

5

**CONCLUSION**

¶14     We conclude that the District Court erred in declaring the marriage of Ruffatto and Anderson invalid.  Because the irretrievable breakdown inquiry is irrelevant to the validity of a marriage and because there are no facts within the record at this time to support a finding of invalidity under § 40-1-402, MCA, we reverse the District Court's Findings of Fact, Conclusions of Law, and Decree of Invalidity and remand to the District Court to strike the unsigned petition and dismiss the cause.

/S/ INGRID GUSTAFSON

We Concur:

/S/ CORY J. SWANSON
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ KATHERINE M BIDEGARAY